HARRIS, J.
The Petition for Writ of Prohibition is granted and the action is dismissed for failure to bring the defendant to trial within the appropriate speedy trial period.
Defendant was charged with possession of cocaine. When he was not brought to trial within 203 days, he filed a notice of expiration of the speedy trial period. The State contended that since defendant had asked to change his plea and had been placed on the “change of plea” docket but did not appear, a continuance should be charged to him thus waiving his right to speedy trial. Defense counsel denied that she ever requested to change defendant’s plea and that the clerk erred by placing defendant on the wrong docket.
The court seems to have accepted the fact that defendant was not responsible for his name being placed on the change of plea docket but determined that since defendant did not object, presumably after notice of the change, he should be held responsible for the clerk’s error. Defense counsel candidly admitted that she could not remember whether she received the notice and objected or whether she ap *695 peared at the hearing to object. This is certainly understandable based on case loads and the passage of time. But she represented to the court that she always appears at the change of plea docket call if she has requested a change of plea. She discovered after the hearing, but prior to filing this petition, that defendant’s case was not called during the change of plea docket, indicating that the error was reported or discovered prior to the docket call. In any event, under the facts of this case, we do not believe defendant should be held responsible for the clerk’s error even though the court signed the change of plea docket. The court should have scheduled trial within the 15-day “recapture” period provided by the rules. See Fla. R.Crim. P. S.191(p)(3).
Since according to defense counsel errors are often made in placing names on the change of plea docket, a better procedure should be devised to show when the request to change plea is made and by whom. If a clerk’s notation will not suffice, then written change of plea requests should be required.
WRIT GRANTED with instruction to dismiss the case for failure to comply with the speedy trial rule.
COBB and W. SHARP, JJ., concur.